[Sac. No. 6370. In Bank. Feb. 25, 1953.]

CALIFORNIA TOLL BRIDGE AUTHORITY (a Corporation), Petitioner, v. FRANK B. DURKEE, as Director of Public Works, etc., Respondent; GEORGE C. FAULKNER et al., Interveners.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, Ralph W. Scott, Deputy Attorney General, George Herrington and Orrick, Dahlquist, Neff & Herrington for Petitioner.

Holloway Jones and Jack M. Howard for Respondent.

Byers, Burd & Fraser and Wagener & Brailsford for Interveners.

SCHAUER, J.—Petitioner California Toll Bridge Authority seeks a writ of mandate to compel respondent Director of Public Works to sign and execute[1] the Richmond-San Rafael Bridge Toll Bridge Revenue Bonds, Series A, discussed in *Faulkner* v. *California Toll Bridge Authority, ante,* p. 317 [253 P.2d 659], and in *California Water, Transit & Defense Project* v. *California Toll Bridge Authority, ante,* p. 334 [253 P.2d 670], our opinions in which have been this day filed. The alternative writ issued.

---

[1]Streets and Highways Code, section 30210: "All bonds shall be signed by the director [of Public Works] . . ."

.The petition for the writ alleges the facts as to the filing of the two superior court actions which were the subjects of appeal in those two opinions; sets forth the substance of the grounds for attacking the bonds, as alleged in the complaints in such actions; states that demurrers to such complaints were sustained without leave to amend, in the respective superior courts in which the actions were filed, and that judgments were entered accordingly; and also alleges that (as of the date the petition for the writ was filed) an appeal to this court had been taken in the first of such actions, and that in the other of such actions an appeal to this court was to be taken.

It is particularly alleged in the petition that the petitioner, acting upon the report and recommendation of the Department of Public Works and having approved such recommendation, had authorized the issuance of Toll Bridge Revenue Bonds in an amount not to exceed $72,000,000, whereof $62,-000,000 principal amount was authorized for immediate issuance; that on December 29, 1952, bonds in such amount had been duly sold; that under the terms of the Official Notice of Sale of such bonds the purchasers "are entitled to cancel the contract of sale unless said bonds were delivered to them . . . on or before February 27, 1953, free of any litigation with respect to said Bonds." It is also alleged that construction bids for construction of the substructure and superstructure of the proposed Richmond-San Rafael Bridge had been duly received by the Department of Public Works, that such construction bids are "highly advantageous to the State," and that "under the terms of the contracts . . . such contracts must be awarded . . . on or before February 17, 1953, and said contracts accompanied by Performance Bonds and Labor and Material Bonds of the contractors must be actually signed and executed . . . on or before February 27, 1953."

It is further alleged in the petition that "by reason of the pendency of said litigation in the Superior Courts of the State of California, and notwithstanding the judgments of each of said Superior Courts sustaining without leave to amend the general Demurrers of Petitioner California Toll Bridge Authority, Respondent is in doubt as to the legality of the proceedings taken by Petitioner herein, California Toll Bridge Authority, and the legality of Richmond-San Rafael Bridge Toll Bridge Revenue Bonds." No other ground is alleged for respondent's refusal to sign and execute the bonds. Petitioner alleges also that it has no plain, speedy or adequate remedy in the ordinary course of law; the delay incident to appeal is

the only ground given for asserting that the remedy at law is inadequate.

Respondent Durkee has made return to the alternative writ by way of a general demurrer and plaintiffs in the two superior court cases have been permitted to file their complaint in intervention in this mandamus proceeding, but they ask only that the alternative writ heretofore issued be discharged and the peremptory writ denied, and seek no affirmative relief.

■ Inasmuch as our opinions in the two superior court cases have now been filed and remittiturs therein have issued, petitioner has been accorded its remedy at law. It follows that the alternative writ should be, and it is hereby, discharged, and the peremptory writ is denied.

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.